IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ARTIS POWER**                                                                                                              **PLAINTIFF**

**V.**                                                                                                 **NO. 4:16-CV-00045-DMB-JMV**

**ORA STARKS; and**
**ALICIA WILLIAMS, C/M**                                                                                          **DEFENDANTS**

## ORDER DENYING INJUNCTION

This prisoner civil rights action is before the Court on Artis Power's "Pet[i]tion for Emergency Injunction against Disciplinary RVR #01371563." Doc. #26.

**I**
**Procedural History**

On March 7, 2016, Artis Power filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that Ora Starks and Alicia Williams denied him access to the courts by refusing to timely mail his appeal paperwork to the United States Court of Appeals for the Fifth Circuit. Doc. #1. On June 16, 2016, United States Magistrate Judge Jane M. Virden issued an order directing the Clerk of the Court to issue process for the defendants and the United States Marshal Service to serve such process. Doc. #11.

On January 12, 2017, Power filed a "Pet[i]tion for Emergency Injunction against Disciplinary RVR #01371563." Doc. #26. In his motion, Power claims that he has been told to drop his lawsuit against Ora Starks by an unidentified individual. *Id*. at 1. He also alleges that at a disciplinary hearing to adjudicate his guilt of a Rule Violation Report ("RVR"), a witness changed his intended statement "after being threaten[ed] with additional disciplinary actions." *Id.* at 2. Finally, Power contends he "was attack[ed] by a[n] organization on orders of officers."

*Id*. Based on these allegations, in his memorandum brief accompanying the motion, Power seeks an "injunction or complete remov[a]l of this RVR." Doc. #27 at 3.

## II
## Analysis

To receive a preliminary injunction, a movant must show: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest." *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017).

Because a preliminary injunction depends on the prisoner's likelihood of success on the merits, "[a] district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). Accordingly, courts have routinely declined to grant a prisoner injunctive relief related to conduct unrelated to the underlying claims of his lawsuit. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's … lawsuit."); *Bradley v. Meadows*, No. 2:11-cv-153, 2012 WL 1826334, at *1 (E.D. Ark. May 18, 2012) ("Plaintiff has failed to establish a relationship between the alleged retaliation and the conduct asserted in his [c]omplaint …."); *Tart v. Dufault*, No. 5:12-ct-3127, 2013 WL 12092199, at *1 (E.D.N.C. May 3, 2013) (prisoner "may not obtain 'permanent' injunctive relief for [alleged retaliation] in the course of litigating his unrelated claims concerning his legal mail in this action"). Here, the requested injunction against the RVR

process is wholly unrelated to Power's claims at issue in this action. The request for an injunction [26] therefore is **DENIED**.

**SO ORDERED**, this 12th day of May, 2017.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**